UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06 CR 89 CDP |
| ) | DDN |
| JOHN J. SCHROPP, JR., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the Court upon the pretrial motions of defendant John J. Schropp, Jr., which were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on April 20, 2006.

Defendant Schropp has moved to suppress evidence (Doc. 96) and to suppress statements (Doc. 97). At the hearing, and as indicated in the pre-hearing briefs of counsel, the items of evidence subject to the defendant's motions to suppress involved (a) the physical items seized during the search of 1236 Cedar Trail on April 6, 2004; (b) the custodial statements of defendant made on April 7, 2004; (c) the July 1, 1999, possession of a shotgun by defendant; (d) a surveillance videotape purportedly of defendant stealing anhydrous ammonia on February 22, 2000; (e) defendant's presence at a methamphetamine lab on July 18, 2001; and (f) statements made by defendant on July 6, 2000, to Franklin County law enforcement. However, at the hearing held on April 20, 2006, defendant Schropp, through and with the advice of counsel, and personally in court, orally waived his right to contest the constitutional admissibility of items (b), (c), (d), (e), and (f). He did not waive his right to seek the pretrial suppression of item (a), above, and he did not waive his right to object at trial to the admissibility of any of these items under the Federal Rules of Evidence, especially Federal Rule of Evidence 404(b).

Therefore, the only evidence subject to the motions of the defendant to suppress are the items of physical evidence seized by law

enforcement on April 6, 2004. From the evidence adduced at the hearing, the undersigned makes the following findings of fact and conclusions of law:

**FACTS**

    1.   On April 6, 2004, Franklin County Sheriff's Office Detective Jason J. Greller was present for the search of the premises and area of 1236 Cedar Trail, including the out-buildings and land, in rural Franklin County. Earlier in the day, St. Louis County officers stopped a vehicle driven by Timothy Kahney, and cold pills were found inside. Thereafter, those officers conducted a sting operation, where Kahney called Ricky Farmer in Franklin County, and told him to go to Eureka, Missouri to pick up the cold pills that had been found in the vehicle. Farmer arrived, took the pills into his possession, and was arrested. Farmer had arrived at the scene in Eureka, Missouri with Dennis Pruitt and another man in his vehicle.

    2.   Det. Greller arrived at the scene where the vehicle was stopped after the sting and interviewed Ricky Farmer and Dennis Pruitt. Farmer told Det. Greller that he and others were trying to help Pruitt by using Pruitt's property at 1236 Cedar Trail to manufacture methamphetamine. Farmer described Pruitt's residence as a trailer home and out-buildings on a parcel of land in rural Franklin County. Greller interviewed Pruitt, who told him that people were coming and going on his property, that some of these people were unknown to him, and that others, including John Schropp, were known to him. Pruitt said he considered these people to be evil. At this time, Pruitt was very disheveled and in need of food and bathing.

    3.   During this conversation, Det. Greller asked Pruitt whether he would consent to a search of his property. Pruitt said, "That is fine." Officers Kenneth Schulte and T. Hunn presented a written Consent to Search form to Pruitt, Government Exhibit 1. At 7:36 p.m., Pruitt read and signed this form, thereby expressly consenting to the search of his property (including out-buildings and land) at 1236 Cedar Trail in St. Clair, Missouri. Gov. Ex. 1.

4.  At the end of the interview, Det. Greller decided to take Dennis Pruitt to the Franklin County Sheriff's Office for his protection, to give him something to eat, and to give him an opportunity to shower and bathe. Greller told Pruitt, "Anytime you want us off your property, just let us know." Pruitt was, however, very cooperative. At the time of the interview, Pruitt was of mature age and had sufficient intelligence to know what was going on. He knew the names of the contraband drugs being investigated. Det. Greller took Pruitt to the Sheriff's Office and booked him into custody for his own protection and to provide the aforementioned services.

5.  Next, Det. Greller and the other officers developed a search plan for Pruitt's land. As soon as the officers arrived at 1236 Cedar Trail and left their vehicles, they immediately smelled a very strong odor they believed was an active methamphetamine laboratory.[1] The officers immediately heard someone call out, "It's the cops." With that, several people ran out of the Pruitt house trailer and into the woods. Det. Greller chased someone who ran from the trailer. This subject, later identified as John J. Schropp, Jr., tripped and fell. He was immediately taken into custody and handcuffed by Trooper Ashby. Det. Greller took Schropp and secured him with leg irons to a police vehicle. Greller then went looking for other subjects.

6.  A short time later, Det. Greller returned to Schropp and searched him. On Schropp's person, the officer found a bag containing powder, one syringe (in Schropp's pocket) and another syringe on the ground under Schropp.

7.  Other items of evidence were seized by the officers from Pruitt's property. See Defendant's Exhibit 1 (three-ring binder of many photographs of items seized).

---

[1] The odor was sufficiently strong to present a public safety hazard. The local fire department was called to secure the area.

**DISCUSSION**

Defendant Schropp's warrantless arrest was lawful. "To find probable cause to make a warrantless arrest, the facts and circumstances within the officers' knowledge must be sufficient to justify a reasonably prudent person's belief that the suspect has committed or is committing an offense." United States v. Roberson, 439 F.3d 934, 939 (8th Cir. 2006). The officers must look at the totality of the circumstances when making the determination whether probable cause exists. United States v. Mendoza, 421 F.3d 663, 667 (8th Cir. 2005).

The information the police had about Dennis Pruitt's property when they arrived, and the very strong odor of a methamphetamine laboratory, were sufficient to cause a reasonable person to believe that the people who had been inside the premises, and who were now fleeing, including the person later identified as defendant Schropp, were involved in the illicit manufacture of methamphetamine.

Further, knowing flight from the police is an indicator of likely criminal activity. United States v. Sharpe, 470 U.S. 675, 705 (1985) (deliberate flight, coupled with suspicion of crime, warrants probable cause for arrest); see also United States v. Slipka, 735 F.2d 1064, 1066 (8th Cir. 1984) (flight from police, in addition to other facts, justified probable cause for arrest). Here, in addition to the facts the officers had about the activity on the property, the odor, and the people on the property, defendant's attempted flight into the woods after learning that police were on the property gave the officers probable cause to arrest him.

Because the arrest was lawful, the search of defendant's person was lawful. A search incident to a lawful arrest is valid, and "requires no additional justification." United States v. Robinson, 414 U.S. 218, 235 (1973); see also United States v. Lewis, 183 F.3d 791, 793-94 (8th Cir. 1999). Therefore, the syringe and bag of powder seized from the person of defendant John J. Schropp, Jr., and the syringe seized from the ground near Schropp, should not be suppressed, because these items were seized without a warrant pursuant to a lawful arrest.

The other items (Defendant's Exhibit 1) seized from Pruitt's property should not be suppressed. Defendant Schropp has not shown, and

in fact has abjured, any interest in these items to support standing to complain about the seizure of these items. See Rakas v. Illinois, 439 U.S. 128, 147-48 (1978). "An individual asserting Fourth Amendment rights "must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable [.]" United States v. Barragan, 379 F.3d 524, 529 (8th Cir. 2004) (quoting Minnesota v. Carter, 525 U.S. 83, 88 (1998)). Defendant must prove that he has a "sufficiently close connection" to the places searched to have standing to challenge the search. Id.

Here, defendant specifically denied having a close connection to the premises and area of 1236 Cedar Trail. Even if he was there legitimately with Pruitt's permission, this alone is not enough to give him standing to challenge the search. Further, the evidence suggests he was there to manufacture methamphetamine. See Minnesota v. Carter, 525 U.S. at 89 (no suggestion that defendants had any other purpose for being on the property other than drug business, so they had no reasonable expectation of privacy). Therefore, defendant has no standing to challenge the search, and ultimate seizure of items, at the address.

Whereupon,

**IT IS HEREBY RECOMMENDED** that the motions of defendant John J. Schropp, Jr., to suppress evidence (Doc. 96) and to suppress statements (Doc. 97) be denied.

The parties are advised they have until May 8, 2006,[2] to file written objections to this Order and Recommendation. The failure to file objections may result in a waiver of the right to appeal issues of fact.

---

[2] This is 11 calendar days from April 26, 2006. See Federal Rule of Criminal Procedure 45(a)(2).

**ORDER SETTING TRIAL DATE**

    As directed by the District Judge, this matter is set for a jury trial on the docket commencing June 5, 2006, at 9:00 a.m.

/s/ David D. Noce

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 26, 2006.